IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TXAI TAY HER,

    Petitioner,

v.                                                 Civ No. 20-cv-363 KG-LF
                                                 CR No. 17-cr-2903 KG

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Txai Tay Her's Second Motion to Vacate Conviction or Sentence Under 28 U.S.C. § 2255. (Doc. 110) (Second Motion).[1] Petitioner is a federal prisoner and proceeding *pro se*. He asks the Court to vacate his drug and firearm convictions based on ineffective assistance of counsel. Because the Second Motion constitutes an unauthorized successive habeas filing, the Court will dismiss the matter for lack of jurisdiction.

I.     Background

In 2017, U.S. Border Patrol agents discovered Petitioner riding in a vehicle with 82 pounds of marijuana and several firearms. (Doc. 1) at 3. He pled guilty to the following charges pursuant to a Plea Agreement:

(Count 1): Conspiracy to possess with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 846;

(Count 2): Possession with intent to distribute a mixture containing marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2;

---

[1] Unless otherwise noted, all docket references are to the criminal case, 17-cr-2903 KG.

(Count 3): Using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and

(Count 4): Being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 84) at 2.

The Court accepted the plea and sentenced Petitioner to a total term of 123 months imprisonment. *Id.* Judgment was entered October 15, 2018. *Id.* Petitioner did not appeal, in accordance with his waiver of rights under the Plea Agreement. (Doc. 84) at 9-10. The Judgment became final on October 30, 2018, the first business day following expiration of the 14-day appeal period. *See United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (addressing finality of criminal judgments).

On February 5, 2020, Petitioner file the first Petition for Sentence Reduction Pursuant to *U.S. v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 106) (Petition). Because *Davis* invalidated the Residual Clause of 18 U.S.C. § 924(c), Petitioner asked the Court to vacate his 60-month sentence on Count 3. By a ruling entered February 13, 2020, Petitioner was notified the Petition would be recharacterized as his "first" Section 2255 proceeding, unless he withdrew or amended the pleading. (CV Doc. 3) in Civ. No. 20-108 KG-GJF. Petitioner was further notified that "any subsequent [Section] 2255 motions will be subject to the restrictions on 'second or successive' filings." *Id.* at 3. The ruling warned that "[i]f Petitioner takes no action at all, the Court will dismiss the Petition on the merits without further notice." *Id.*

Petitioner did not withdraw his *Davis* claim or respond to that ruling. On April 1, 2020, the Court construed the Petition as Petitioner's "first" Section 2255 motion and dismissed the *Davis* claim on the merits. (CV Docs. 4, 5) in Civ. No. 20-108 KG-GJF (the "First Habeas

Ruling"). *Davis* only provides relief from convictions "for using ... a firearm during ... a crime of violence." *U.S. v. Hopper,* No. 19-2110 (10th Cir. Oct. 31, 2019). Petitioner used a firearm during a drug trafficking crime and therefore could not be resentenced. *Id.*

After receiving the First Habeas Ruling, Petitioner moved to retroactively withdraw his Petition. (CV Docs. 6, 7) in Civ. No. 20-108 KG-GJF. Petitioner stated he did not want "to use [his] 'first' petition under 28 U.S.C. § 2255" pursuing the *Davis* claim. (CV Doc. 7) Civ. No. 20-108 KG-GJF. The Court denied the post-judgment motions by a Memorandum Opinion and Order entered April 22, 2020. (CV Doc. 8) in Civ. No. 20-108 KG-GJF.

Petitioner filed the instant, Section Motion under Section 2255 on April 20, 2020. (Doc. 110). He argues his Section 924(c) conviction is invalid under *Rehaif*, and counsel should have raised that argument. *Id.* at 4. He also argues counsel could have negotiated a "better deal" on the marijuana convictions. *Id.* at 5. The Second Motion acknowledges the first Petition. *Id.* at 3. However, the Second Motion incorrectly characterizes the first Petition as withdrawn, when in fact it was dismissed with prejudice and on the merits. *Id.* at 3. Based on that dismissal, and because Petitioner was explicitly warned his next filing would be successive, the Court declines to treat the Second Motion as a "first" Section 2255 proceeding. The Court will analyze the Second Motion under the applicable law for successive habeas filings.

II.   Discussion

By statute, District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional

defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 ... claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so ..., or it may dismiss the motion ... for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Petitioner does not proffer any newly discovered evidence or relevant law. The Second Motion purports to raise a claim under *Rehaif*. However, petitioners cannot "raise [that claim] in a successive § 2255 motion because the Supreme Court has not made *Rehaif* retroactively applicable to cases on collateral review." *In re Barela*, No. 20-2025 (10th Cir. March 31, 2020) (unpublished). Absent a reliance on *Rehaif*, Petitioner's Second Motion filed April 20, 2020 would also likely be time-barred if filed anew in the proper forum. Section 2255 claims must generally be filed within one year after the Judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Petitioner's Judgment became final in 2018, after he declined to appeal, and the limitation period expired in 2019. Finally, the Court is not convinced Petitioner is proceeding in good faith. He was explicitly warned that, once his *Davis* claim was construed under Section 2255 and dismissed,

"he must obtain permission from the Tenth Circuit before filing any later habeas claims." (CV Doc. 3) in Civ. No. 20-108 KG-GJF.

For these reasons, a transfer to the Tenth Circuit is not in the interest of justice. The Court will dismiss the Second Motion for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

IT IS ORDERED:

1. Txai Tay Her's Second Motion to Vacate Conviction or Sentence Under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 110) is dismissed without prejudice for lack of jurisdiction.

2. A certificate of appealability is denied.

3. The Court will enter a separate judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE